IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CARMEN FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. 10-cv-247 |
| v. | ) |
| | ) |
| COLLECTION TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CARMEN FOSTER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, COLLECTION TECHNOLOGY, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. CARMEN FOSTER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waunakee, County of Dane, State of Wisconsin.

5. COLLECTION TECHNOLOGY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant is incorporated in the State of California.

1

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. Since May of 2009, and on multiple occasions, Plaintiff received telephone calls from Defendant who stated that Defendant was calling to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. In or around May of 2009, during the course of a telephone call between Defendant and Plaintiff, Defendant stated that Plaintiff had to pay Defendant sixty-six dollars ($66.00) a month.

12. During the aforementioned telephone call, Plaintiff offered to make payments towards the debt she allegedly owed by paying Defendant on a monthly basis.

13. During the aforementioned telephone call, Defendant told Plaintiff that it would only accept the aforementioned payments from Plaintiff if she provided two (2) references to Defendant and set up an account allowing for Defendant to automatically withdraw Plaintiff's funds. Plaintiff was forced to provide references to Defendant.

14. During the aforementioned telephone call, Defendant told Plaintiff that if Plaintiff wanted to obtain a lower interest rate on the debt she allegedly owed then Plaintiff would be required to set up the aforementioned account.

15. During the aforementioned telephone call, Defendant stated that if Plaintiff did not pay the debt she allegedly owed then Defendant would report the debt to the credit reporting agencies and that Plaintiff's credit score would decrease.

16. At the time Defendant made the threat to report the alleged debt to the credit reporting agencies, the debt Plaintiff allegedly owed could no longer be reported as it was beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

17. In or around May of 2009, Plaintiff entered into an agreement with Defendant whereby Defendant was to withdraw sixty-six ($66.00) from Plaintiff's account on the third (3rd) Thursday of the month.

18. On or about May 26, 2009; June 26, 2009; July 28, 2009; August 26, 2009; September 28, 2009; October 27, 2009; and November 27, 2009, Defendant accepted payments from Plaintiff postdated by more than five (5) days and failed to provide Plaintiff with written notification of its intent to deposit such payments.

19. On or about November 13, 2009, Defendant sent a correspondence to Plaintiff. The aforementioned correspondence stated Defendant's intention to sell Plaintiff's loan to another lender. The correspondence stated that "[o]once [Plaintiff's] loan is sold, [Plaintiff] will no longer be considered in default.

20. On or about February 20, 2010, Plaintiff received a correspondence from another company, Mohela, stating that it had purchased the debt Plaintiff allegedly owed to Defendant.

21. On or about February 26, 2010, Defendant withdrew approximately sixty-six dollars ($66.00) from Plaintiff's checking account.

22. At the time Defendant withdrew the aforementioned funds from Plaintiff's checking account, Defendant no longer owned the debt allegedly owed by Plaintiff.

23. At the time Defendant withdrew the aforementioned funds from Plaintiff's checking account, Defendant was not authorized to take such action.

24. To date, Defendant has not refunded the aforementioned funds to Plaintiff's checking account.

25. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   f. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

   g. Accepted a payment postdated by more than five days and failed to notify Plaintiff in writing of its intent to deposit said payment not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2); and,

      h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so friable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARMEN FOSTER, by and through her attorneys, respectfully prays for judgment as follows:

      a. All actual compensatory damages suffered;

      b. Statutory damages of $1,000.00;

      c. Plaintiff's attorneys' fees and costs;

      d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**CARMEN FOSTER**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: May 6, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us